UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| JEWELL A. BUSSEY,<br><br>          Plaintiff,<br>  v.<br><br>T. MILLER, K. SIGNOR,<br>LT. ALAN GARDNER,<br>K. ECTOR, D. LYNCH,<br>DRAGONETTE,<br><br>          Defendants. | **DECISION**<br>**and**<br>**ORDER**<br><br>**16-CV-82A(F)** |

_____

APPEARANCES:  JEWELL A. BUSSEY, Pro Se
        99-A-2208
        Marcy Correctional Facility
        Box 3600
        Old River Road
        Marcy, New York 13403

        ERIC SCHNEIDERMAN
        New York State Attorney General
        Attorney for the Defendants
        DENETRA D. ROBERTS**,**
          Assistant NYS Attorney General, of Counsel
        Main Place Tower
        350 Main Street, Suite 300A
        Buffalo, New York 14202

In this prisoner civil rights action alleging a violation of Plaintiff's Eighth Amendment rights based on Defendants' failure to protect Plaintiff against a serious assault while at DOCCS's Five Points Correctional Facility ("Five Points") by another inmate, Plaintiff, by papers filed October 20, 2017, moves to compel production of certain documents, particularly copies of a video-tape of the assault, photographs of Plaintiff's injuries, the assailant's weapon, an operation manual of the Five Points Mental Health Unit, DOCCS Directive 4910 regarding contraband, Unusual Incident, Use of Force and Inmate Injury Reports regarding the assault, certain documents in the

1

Superintendent's Disciplinary Hearing file, documents regarding inmate supervision at Five Points and policies regarding protection of inmates (Dkt. 42) ("Plaintiff's motion").[1] Plaintiff's requests pursuant to Fed.R.Civ.P. 34(a) were served July 26, 2017.[2] *See* Dkt. 46 ¶ 7. Plaintiff also seeks expenses of $150.

By papers filed November 13, 2017, Defendants state Defendants have provided to Plaintiff all documents which are the subject of Plaintiff's motion either in Defendants' Rule 26(a)(1) disclosures or in response to Plaintiff's Document Requests. Dkt. 46 ¶ 20. As to Plaintiff's request for a copy of Directive 4301 regarding providing mental health services to inmates, Defendants assert such directive to be confidential but will provide inspection by Plaintiff of a redacted form of the directive if Plaintiff requests. Dkt. 45 at 4. As to any other of Plaintiff's requests, *e.g.*, Five Points inmate supervision and protection policies, Defendants state they have requested copies from DOCCS and will provide copies to Plaintiff upon obtaining possession thereof to the extent such policies exist. Dkt. 45 at 4-5. On November 22, 2017, Plaintiff replied to Defendants' Response, requested oral argument and referred to Defendants' Response as "fancy legal documents with fancy legal jargon and seem credible." Dkt. 48 at 1 ("Plaintiff's Reply"). However, in Plaintiff's Reply, Plaintiff fails to specifically contradict Defendants' assertions of the extent of Defendants' document production in response to Plaintiff's Request and Plaintiff's motion to date.

It is basic that a responding party is not obliged to produce documents over which the party lacks either possession, custody or control. *Shcherbakovskiy v. Da*

---

[1] The same motion papers were filed on November 6, 2017 (Dkt. 44).
[2] Plaintiff's requests were not filed in accordance with Local R. Civ. P. 5.2(f ("Rule 5.2(f)")). Plaintiff shall comply with Rule 5.2(f) with respect to any future discovery requests.

*Capo Al Fine, Ltd.,* 490 F.3d 130, 138 (2d Cir. 2007) ("a party is not obliged to produce, at the risk of sanctions, documents that it does not possess or cannot obtain"). Here, the record supports that at present Defendants have responded to many of Plaintiff's requests and will continue to produce the remaining discovery material requested by Plaintiff as it becomes available. As to Plaintiff's Request for a copy of Directive 4301, which Defendants assert contains confidential information, following Plaintiff's review, if Plaintiff's believes in good faith the redacted portions of the directive may contain relevant information Plaintiff may request an *in camera* review by the court of an unredacted copy of the directive. As to the other items which Defendants have requested from DOCCS in order to respond to Plaintiff, such as copies of the videotapes of the attack, Defendants shall file with the court a report on the status of these items <u>not later than December 29, 2017</u>. Such report shall indicate whether the items exist, the steps taken to ascertain such existence, and whether copies have then been provided to Plaintiff. As to Plaintiff's request for fees, *pro se* parites are not entitled to such expenses pursuant to Fed.R.Civ.P. 37(a)(5)(A). *See Abascal v. Fleckenstein,* 2010 WL 3834839, at *11 (W.D.N.Y. Sept. 29, 2010) (holding plaintiff proceeding *pro se* had not incurred any attorneys fees on motion to compel and, as such, no fees could be awarded to plaintiff).

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Dkt. 42 and 44) is DENIED in part without prejudice and DISMISSED in part as moot.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: December 5, 2017
Buffalo, New York

ANY APPEAL OF THIS DECISION AND ORDER MUST BE TAKEN BY FILING WRITTEN OBJECTION WITH THE CLERK OF COURT **NOT LATER THAN 14 DAYS** AFTER SERVICE OF THIS DECISION AND ORDER IN ACCORDANCE WITH FED.R.CIV.P. 72(a).